**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4264-16T1

D.T.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Respondent-Respondent.

_____

Submitted November 4, 2019 – Decided December 13, 2019

Before Judges Sabatino and Natali.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Arundhati Mohankumar, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, D.T., by his designated authorized representative (DAR), Sam Stern of Future Care Consultants (FCC), appeals from the failure of respondent, Division of Medical Assistance and Health Services (DMAHS), to respond appropriately to his request for a hearing before the Office of Administrative Law (OAL) to challenge a decision of the Union County Board of Social Services (BSS) regarding his eligibility for Medicaid benefits. After conducting a thorough review of the record in light of the arguments raised on appeal, we remand for DMAHS to transfer the matter to the OAL.

On March 1, 2017, BSS issued D.T. a statement of available income with respect to his request for a redetermination of his Medicaid benefits. On March 10, 2017, counsel for FCC sent a letter to DMAHS appealing BSS's available income determination, "request[ing] that [the] matter be set down for a fair hearing as soon as is practicable," and enclosing a copy of D.T.'s DAR form. On March 22, 2017, DMAHS responded to D.T.'s request for a fair hearing by sending a letter to counsel for FCC requesting a "complete copy of the [DAR] [f]orm" within thirty days. On appeal, FCC maintains that its counsel sent a second copy of a completed DAR form to DMAHS a week later, on March 29,

2017. DMAHS never responded to counsel's request for a fair hearing. A month later, in April 2017, D.T. passed away.

On October 12, 2018, after this appeal was filed, counsel for DMAHS requested, because of D.T.'s death, "a [DAR] form or other documentation indicating that D.T's estate has authorized [FCC's counsel] to represent [it] in this appeal." Counsel further advised that upon receipt, DMAHS "has agreed to consider transmitting the matter to the [OAL] for a fair hearing." Counsel for FCC responded that to FCC's knowledge, an estate had not been established and that "estates are frequently not opened for individuals with little income and limited or no assets." Counsel also disagreed that Medicaid regulations required that D.T.'s estate execute a new DAR form.

On appeal, D.T. claims that due to DMAHS's failure to grant or deny his request for a fair hearing, we should order it to "follow D.T.'s position in relation to the [s]tatement of [a]vailable [i]ncome calculated by [BSS]," or direct that his appeal regarding BSS's income eligibility determination be transmitted to the OAL. DMAHS, for the first time on appeal, argues that in accordance with 42 C.F.R. § 435.923(c)[1] and state law, it reasonably declined to transmit D.T.'s

---

[1]  42 C.F.R. § 435.923(c) provides in relevant part that the:

(continued)

request for a fair hearing because "when D.T. passed away in early 2017, FCC's authority to act as his DAR terminated" and FCC is not the personal representative of D.T.'s estate.

D.T. responds by asserting that under a separate Medicaid regulation, 42 C.F.R. § 400.203[2] and related Medicare regulations, D.T. remains a Medicaid "applicant" and, accordingly, the OAL is required to schedule a fair hearing. D.T. further maintains that in accordance with the doctrine of in pari materia we

> power to act as an authorized representative is valid until the applicant or beneficiary modifies the authorization or notifies the agency that the representative is no longer authorized to act on his or her behalf, or the authorized representative informs the agency that he or she no longer is acting in such capacity, or there is a change in the legal authority upon which the individual or organization's authority was based.

[(emphasis added).]

[2] 42 C.F.R. § 400.203 defines a Medicaid applicant as:

> an individual whose written application for Medicaid has been submitted to the agency determining Medicaid eligibility, but has not received final action. This includes an individual (who need not be alive at the time of application) whose application is submitted through a representative or a person acting responsibly for the individual.

[(emphasis added).]

A-4264-16T1

should read "42 C.F.R. § 400.203 and 42 C.F.R. § 435.923 as a unified and harmonious whole" so as to permit FCC to prosecute D.T.'s application before the OAL without requiring FCC to petition the probate court to become a representative of D.T.'s estate.

The New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, provides the authority for New Jersey's participation in the federal Medicaid program. The DMAHS is the administrative agency within the Department of Human Services that is charged with administering the Medicaid program. N.J.S.A. 30:4D-7. In this regard, the DMAHS has the authority to oversee all State Medicaid programs and issue "all necessary rules and regulations." Ibid.

Under applicable state and federal regulations, if an "applicant" is denied Medicaid benefits, the "applicant . . . [is] to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a); 42 C.F.R. § 431.220. Applicants have the right to fair hearings when "their claims . . . are denied or are not acted upon with reasonable promptness . . . ." N.J.A.C. 10:49-10.3(b); 42 C.F.R. § 431.220(a)(1). Requests for fair hearings must be submitted to DMAHS in writing within twenty days of the denial, reduction, or partial denial

of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1) and (3); 42 C.F.R. § 431.221(d). According to D.T., a fair hearing can only be denied if "the applicant withdraws the request in writing, or if the applicant fails to appear at a scheduled hearing without good cause." See 41 C.F.R. § 431.223.

DMAHS argues that "[o]nly the personal representative of D.T.'s estate may pursue any claims that D.T. may have had prior to his death," and that FCC did not have standing to pursue a claim that DMAHS improperly denied D.T. a Medicaid hearing, as FCC was not "identified to DMAHS as the administrator or executor of D.T.'s estate." We conclude that DMAHS shall transfer the matter to the OAL for it to address that standing claim, and if FCC is successful, the merits of the dispute related to the BSS's March 1, 2017 income eligibility calculations at a fair hearing conducted consistent with fundamental notions of due process. A remand will permit DMAHS to exercise its "special competence" and address in the first instance whether FCC is an applicant with standing, after considering 42 C.F.R. § 400.203, 42 C.F.R. § 435.923(c), and the related Medicare regulations cited by D.T. See Muise v. GPU, Inc., 332 N.J. Super. 140, 158, (App. Div. 2000) (quoting Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 269 n.1 (1978)). At that hearing, the OAL should also address the effect of FCC's initial request for a fair hearing on March 10, 2017, which was

made prior to D.T.'s death and at a time when he unequivocally authorized FCC to act on his behalf.

If the OAL determines FCC has standing, it should address D.T.'s claims on the merits. In the event FCC is deemed not to have standing, the OAL should also determine whether D.T.'s estate should be permitted, under the circumstances, to identify a new DAR for the purposes of prosecuting D.T.'s claim at a fair hearing. The OAL's ruling may be reviewed or challenged before the agency, and ultimately by this court if further review is sought.

Accordingly, we remand for DMAHS to transfer the matter to the OAL for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4264-16T1